## WAYNE C. GERLT v. TOWN OF SOUTH WINDSOR ET AL.
## (SC 17790)

Borden, Norcott, Katz, Zarella and Sullivan, Js.*

---

* The listing of justices reflects their seniority status on this court as of the date of argument.

Argued February 7—officially released October 9, 2007

*Gwendolyn S. Bishop*, with whom were *Paul T. Smith* and, on the brief, *Paul W. Smith*, for the appellant (plaintiff).

*Charles D. Ray*, with whom were *Gerald L. Garlick* and, on the brief, *William H. Narwold*, for the appellees (defendant Evergreen Walk, LLC, et al.).

*Christopher J. Picard*, with whom, on the brief, were *John P. Casey*, *Thomas R. Girarde* and *Brian R. Smith*, for the appellees (named defendant et al.).

*Opinion*

SULLIVAN, J. The plaintiff, Wayne C. Gerlt, appeals[1] from the judgment of the trial court granting the motion of the defendants, the town of South Windsor (town), Matthew Galligan, town manager, Evergreen Walk, LLC (Evergreen Walk), Evergreen Walk Lifestyle Center, LLC (Evergreen Lifestyle),[2] and the Prudential Insurance Company of America (Prudential),[3] to dismiss as moot the plaintiff's complaint. The plaintiff alleged that the town had conveyed real property in the form of

---

[1] The plaintiff appealed from the judgment of the trial court to the Appellate Court and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] The plaintiff named Evergreen Lifestyle as a defendant based on his belief that the company had an interest in the easements "as the grantee of a certain Special Warranty Deed executed by Evergreen [Walk] dated November 20, 2003, and recorded November 21, 2003," in the town land records "purporting to convey an interest described as Unit 2 of Evergreen Walk, a Planned Community."

[3] The plaintiff named Prudential as a defendant based on his belief that it had an interest in the easements "as the holder of a certain Mortgage Security Agreement and Fixture Filing granted to it by [Evergreen Lifestyle] dated November 20, 2003, and recorded November 24, 2003," in the town land records.

an easement to Evergreen Walk in violation of certain procedural provisions in the town charter. The trial court, *Berger, J.,* issued a declaratory ruling that the conveyance violated the charter and was void, but did not render judgment in the case. Thereafter, the town and Evergreen Lifestyle entered into another agreement concerning the use of the town's property and the plaintiff claimed that the agreement was void. Evergreen Walk, Evergreen Lifestyle and Prudential filed a motion to dismiss the complaint as moot and the trial court, *Lavine, J.,* granted the motion and rendered judgment of dismissal. The plaintiff claims on appeal that the trial court improperly concluded that (1) the action was moot on the ground that there were no issues that remained to be adjudicated under the allegations of the complaint, and (2) the second agreement was not inconsistent with its prior declaratory ruling on the ground that it did not constitute a conveyance of real property that triggered the procedural provisions of the town charter. We conclude that the plaintiff's action is not moot and that the second agreement is a conveyance of real property subject to the requirements of the town charter. Accordingly, we reverse the judgment of the trial court and remand the case for further proceedings.

The record reveals the following stipulated facts and procedural history. Special Acts 2001, No. 01-6, § 9 (S.A. 01-6), which authorized the commissioner of the department of transportation to convey to the town three parcels of land located in the town, took effect on July 6, 2001. The special act provides in relevant part that "[t]he town . . . shall use said parcels of land for open space or storm water management and infrastructure improvement purposes, or may sell all or any portion of said parcels of land to a purchaser who shall use such land for economic development purposes. . . ." S.A. 01-6, § 9 (b) (1). Section 9 (b) (2) of S.A. 01-6 further

provides that "[i]f, in the case of any such parcel, the town . . . (A) does not use the parcel for open space or storm water management and infrastructure improvement purposes, (B) does not retain ownership of all of the parcel, except for a sale of all or any portion of the parcel for economic development purposes in accordance with subdivision (1) of this subsection, or (C) leases all or any portion of the parcel, the parcel shall revert to the state of Connecticut." On June 18, 2002, the state conveyed the three parcels of land on Buckland Road to the town by quitclaim deed.

On July 2, 2001, the town council approved a resolution authorizing Galligan to provide a letter to the town planning and zoning commission indicating that the town, as owner of the property, had no objection to Evergreen Walk filing an application to use two of the parcels the town had received from the state pursuant to S.A. 01-6, § 9, as part of a private development project.[4] On May 7, 2003, Galligan sent a letter to Marcia A. Banach, the director of planning for the town, authorizing Evergreen Walk or Poag and McEwen Lifestyle Centers-Connecticut, LLC,[5] to include the two town parcels in applications to either the town planning and zoning commission or the town conservation and inland wetlands commission for the proposed development project and to conduct regulated activities on the parcels. Also on May 7, 2003, Galligan sent a letter to Banach indicating that he expected that an easement or some other form of right-of-way would be granted by the town for use of the parcels, although the specific terms and nature of this transaction still were being negotiated.

---

[4] The resolution stated that the town, as property owner, was required to submit a letter indicating that it did not object to the filing of the application by Evergreen Walk in order for the town planning and zoning commission to consider the application.

[5] Poag and McEwen Lifestyle Centers-Connecticut, LLC, was the predecessor in interest of Evergreen Lifestyle.

On October 29, 2003, on behalf of the town, Galligan signed an easement agreement with Evergreen Walk granting both temporary and permanent easements over the town parcels "for the purposes of promoting storm water management, infrastructure improvements and open space within the [town] . . . ." The easement agreement was recorded in the town land records on November 21, 2003. On January 5, 2004, the town council approved a resolution in which it purportedly ratified the execution of the easement agreement. Neither a referendum nor a public hearing was held before or after the easement agreement was approved.

In December, 2003, the plaintiff, an elector and taxpayer of the town, filed a complaint for declaratory and injunctive relief against the defendants. In his complaint, the plaintiff sought: (1) a declaratory judgment that the easement agreement, having been executed without proper and necessary authorization, was "null and void and of no force or effect"; (2) a declaratory judgment that the requirements of § 314 of the town charter[6] apply to the "conveyance of easements and other interests in real property" contemplated by the easement agreement; (3) temporary and permanent injunctions preventing and restraining Evergreen Walk and Evergreen Lifestyle from "using, accessing or entering" the town parcels or "otherwise exercising the rights purportedly granted to Evergreen [Walk]" pursuant to the easement agreement until and unless such rights were granted by way of a conveyance that complied

---

[6] Section 314 of the town charter provides: "No resolution authorizing the issuance of bonds or notes or the sale or conveyance of real property having a value of more than $25,000 shall become effective until the same has been approved at a referendum called by the council for such purpose.

"No public hearing shall be required on any such matter to be acted upon by such referendum.

"The [c]ouncil may, by resolutions adopted after a public hearing, provide for the sale or conveyance of real property of the [t]own having a value not exceeding $25,000."

with the requirements of § 314 and the limitations of the state deed; (4) temporary and permanent injunctions preventing and restraining the town from "transferring, or attempting to transfer, to . . . Evergreen [Walk and Evergreen Lifestyle] easements or other interests in the [town] parcels by way of a conveyance that did not comply" with the requirements of § 314 and the limitations of the state deed; and (5) a permanent injunction requiring the restoration of the town parcels to "substantially the same condition in which such parcels were immediately prior to delivery" of the easement agreement to Evergreen Walk.

At a hearing on February 24 and 25, 2004, the trial court heard argument on the plaintiff's claims for permanent and temporary injunctive relief with a focus on the predominant issue of whether the easements granted to Evergreen Walk constituted a conveyance of real property within the meaning of § 314 of the town charter. At the hearing, the parties, with the court's consent, stipulated to a "wait and see" approach, in which, if the court did find the easement agreement to be in violation of § 314, the town would be given a chance to remedy its action, with the plaintiff reserving the right to seek further relief if the remedy was still in violation of § 314.[7] On May 28, 2004, the trial court

---

[7] The record reveals the following colloquy between the court and counsel:

"The Court: Please be seated all. I take it we have a stipulation.

"[The Defendants' Counsel]: Yes, Your Honor. During the lunch break and a little thereafter, [the plaintiff's counsel] and I spoke, and subject to Your Honor's concurrence, what we have agreed is as follows: that we would ask Your Honor to decide for us the issue under § 314 as to whether this particular easement transaction falls within or without § 314. If Your Honor finds that the transaction falls within the parameters of § 314 of the town of South Windsor charter, that what would then happen is Your Honor would essentially, I'll call it *remand*—it's probably not the right term—but direct the town to then address the consequences of that. And the town would then decide how it was to proceed in light of Your Honor's ruling.

"You would have continuing jurisdiction, we would propose Your Honor have continuing jurisdiction, over the matter so that [the plaintiff] and his attorneys could make application to you, if in their view, either the town or the developer or anyone else was acting in any way that they viewed

issued a memorandum of decision in which it concluded that the easement agreement was null and void because it was a conveyance of real property from the town to Evergreen Walk that had not been put to a referendum or public hearing in accordance with § 314 of the town charter.[8] The court did not, however, formally render a judgment in the case.[9]

On June 9, 2004, in response to the trial court's memorandum of decision, the plaintiff filed a motion for order on the application for injunctive relief. The plaintiff sought orders: (1) permanently enjoining Evergreen Walk from continuing to exercise the rights that the town improperly had attempted to convey to Evergreen Walk by way of the easement agreement until and unless Evergreen Walk was granted such rights by way of a properly executed conveyance that complied with § 314 of the charter; and (2) requiring that any alterations that had been made to the town parcels in accordance

inconsistent with that or inappropriate in light of Your Honor's ruling. I think that—

"[The Plaintiff's Counsel]: Also, I think that we would maintain the right to come back at any time to seek injunctive relief after Your Honor's ruling; not only depending upon what actions the town may take, but dependent upon what there might be within Your Honor's ruling that we would seek injunctive relief pursuant to that ruling.

"[The Defendants' Counsel]: I'm not in any way foreclosing the breadth of what they want to do.

"The Court: Okay. All right.

"[The Defendant's Counsel]: With that stipulation, Your Honor, we have also been able to agree that we can limit the amount of testimony that was necessary to complete this portion of the case." (Emphasis in original.)

[8] The trial court also concluded that the parcels did not revert back to the state pursuant to S.A. 01-6, § 9 (b) (1) and (2), because the parcels were being used for " 'storm water management and infrastructure improvement purposes' . . . ." This portion of the trial court's ruling is not a subject of this appeal.

[9] The case detail indicates that after the memorandum of decision was filed a judgment file was entered. There is no copy of a judgment file in the file, however. Upon inquiry by this court, the trial court clerk indicated that an entry had been made for an expected judgment file but that none had been produced by the trial court.

with the null and void easement agreement be reversed and that the town parcels be restored to the state in which they were found just prior to the delivery of the easement agreement to Evergreen Walk. The trial court never ruled on this motion.

Also in response to the trial court's memorandum of decision, the defendants attempted to remedy their violation of § 314. On October 4, 2004, the town and Evergreen Lifestyle entered into an emergency access easement and public dedication (2004 agreement). In the 2004 agreement, Evergreen Lifestyle granted an easement to the town and the public over the property running from one entrance of the development project to the other (Evergreen property),[10] "to have access by foot and motor vehicle for the purpose of travel by public and private motor vehicles and emergency motor vehicles and municipal personnel and agents in the event of emergencies of any and all nature . . . ." In addition, to provide the town and the public access to the easement over the Evergreen property, Evergreen Lifestyle agreed to maintain entranceways on the land of the town, "at its full cost and expense under all the terms and conditions of the covenants of this easement" and to maintain "those portions of the [town's] land . . . [as] a private way . . . in safe, sound, and unobstructed condition, for access, ingress, and egress, including any and all traffic signalization and safety improvements required by the [s]tate of Connecticut [d]epartment of [t]ransportation from time to time." The portions of land that Evergreen Lifestyle agreed to build on and to maintain were the two town parcels

[10] Although the 2004 agreement specifically was between Evergreen Lifestyle and the town, Evergreen Walk and Evergreen Lifestyle acknowledge in their brief that the "Evergreen Walk defendants" and the town entered into the agreement concerning the Evergreen property and that the agreement requires the "Evergreen Walk entities" to construct and to maintain the dedicated portion of the Evergreen property and the entranceways on the town parcels.

subject to the easement agreement that had been voided.

On October 4, 2004, the town council also approved a resolution in which it accepted all the covenants and conditions of the 2004 agreement and dedicated "the [Evergreen] property to be deeded by the foregoing easement as a limited public way . . . ." On October 18, 2004, the town council approved a second resolution in which it dedicated the portions of town land that would be used as entranceways to the easement over the Evergreen property as limited public ways "for passage by the public by foot and motor vehicle . . . and for all purposes that a highway may be used," and acknowledged that Evergreen Lifestyle had agreed to "construct, maintain and repair all structures within the aforementioned public way and assume all liability and hold the [t]own harmless for their condition," in addition to constructing, maintaining and repairing identification signage. Neither resolution was subject to a referendum or public hearing before or after its approval. On October 28, 2004, the defendants filed an affidavit of facts in the town land records stating that, because it never had been granted properly, the original easement agreement never had been incorporated into the Evergreen Walk planned community.[11]

On April 19, 2005, Evergreen Walk, Evergreen Lifestyle and Prudential filed a motion to dismiss the plaintiff's complaint as moot. They claimed that, because they were no longer operating under the original easement agreement, the court no longer had jurisdiction over the matter. On November 18, 2005, the plaintiff filed an opposition to the motion to dismiss, claiming that the remedial actions taken in response to the voiding of the original easement agreement also violated

---

[11] The defendants also amended the declaration of the Evergreen Walk planned community to reflect the voiding of the easement agreement.

§ 314 of the town charter, and the trial court still could grant relief under his complaint.

After a hearing on December 1, 2005, the trial court issued an oral decision granting the motion to dismiss on the ground of mootness. The trial court concluded that there were no issues left to adjudicate under the complaint in light of the previous ruling. The trial court also concluded that the remedial actions did not constitute a conveyance of real property and, therefore, did not trigger the requirements of § 314. The trial court reasoned that it would "be unwise for the court to construe the language of § 314 of the town charter so broadly as to encompass not only actual conveyances of real property, but also actions that may have the result of conferring benefits upon persons or entities as to whom property has not been conveyed in the formal legal sense."

This appeal followed. The plaintiff claims on appeal that the trial court improperly concluded that (1) the action was moot on the ground that there were no issues that remained to be adjudicated under the allegations of the complaint, and (2) the 2004 agreement was not inconsistent with the previous declaratory ruling on the ground that it did not constitute a conveyance of real property that triggered the public participation requirements of the town charter. We agree with both claims and, accordingly, reverse the judgment of the trial court.

"As a preliminary matter, we set forth the standard of review. A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [decision to] grant . . . the

motion to dismiss will be de novo." (Internal quotation marks omitted.) *Beecher* v. *Mohegan Tribe of Indians of Connecticut*, 282 Conn. 130, 134, 918 A.2d 880 (2007).

We first consider the defendants' contention that the plaintiff's claim has been rendered moot as a result of the defendants' disavowal of the original easement agreement and execution of the 2004 agreement. "Under our well established jurisprudence, [m]ootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties . . . . In other words, the ultimate question is whether the determination of the controversy will result in practical relief to the complainant." (Citation omitted; internal quotation marks omitted.) *RAL Management, Inc.* v. *Valley View Associates*, 278 Conn. 672, 691, 899 A.2d 586 (2006).

The defendants assert that, because the original easement agreement, which was the sole basis for the plaintiff's complaint, is no longer in effect, there is nothing left to adjudicate under the complaint and it is, therefore, moot. The plaintiff, however, not only sought in his complaint a judgment declaring the original easement agreement to be in violation of § 314, but also sought temporary and permanent injunctions preventing Evergreen Walk and Evergreen Lifestyle from exercising any rights *similar* to those in the easement agreement, and preventing the town from granting any rights *similar* to those in the easement agreement except by way of a conveyance that complied with the requirements of § 314. Thus, the plaintiff's complaint not only attacked the easement agreement in existence at the time, but also sought to prevent any conveyance that would put the parties in the same position as they would have been under the easement agreement that did not comply with the requirements of § 314. Because the plaintiff

alleges that the 2004 agreement violates § 314, that agreement comes within the scope of the complaint.

Additionally, in seeking to dismiss the plaintiff's complaint as moot, Evergreen Walk, Evergreen Lifestyle and Prudential ignored their own "wait and see" stipulation made at the February 24, 2004 hearing. The parties agreed that the trial court would decide preliminarily only whether the easement agreement was in violation of § 314 and would not order any relief until the defendants took remedial action, at which time the plaintiff reserved the right to challenge the remedial action if it was also in violation of § 314. Because the plaintiff's complaint seeks relief from any type of conveyance that would place the defendants in the same position as the original easement agreement and the trial court retained jurisdiction to review the remedial actions taken, we conclude that the plaintiff's complaint is not moot.

We next consider the plaintiff's claim that the remedial steps violated the previous declaratory ruling because they constituted a conveyance of real property that triggered the public participation requirements of § 314. Section 314 of the town charter provides that a sale or conveyance of real property, depending on the property value, is not effective unless first put to a referendum or authorized by a resolution adopted after a public hearing. Accordingly, we must determine whether the 2004 agreement constitutes a sale or conveyance of real property for purposes of § 314.[12]

"An easement is a nonpossessory interest in the land of another." *Martin Drive Corp.* v. *Thorsen*, 66 Conn.

---

[12] Section 314 does not apply to sales or conveyances of real property *to* the town, but only to sales or conveyances of real property *by* the town. Therefore, in our analysis of whether the 2004 agreement violates § 314, we look only to the rights that the town has granted to Evergreen Walk and Evergreen Lifestyle and do not address any rights that have been granted to the town.

App. 766, 772–73, 786 A.2d 484 (2001). "It is well settled that [a]n easement creates a nonpossessory right to enter and use land in the possession of another and obligates the possessor not to interfere with the uses authorized by the easement. . . . Furthermore, [t]he benefit of an easement or profit is considered a nonpossessory interest in land because it generally authorizes limited uses of the burdened property for a particular purpose." (Citation omitted; internal quotation marks omitted.) *Celentano* v. *Rocque*, 282 Conn. 645, 660, 923 A.2d 709 (2007). "Typically, roadway easements are 'nonexclusive' in that the servient owner has the right to use the road and the right to grant additional easements or licenses for the use of the road." 1 Restatement (Third), Property, Servitudes § 1.2, comment (c), p. 14 (2000).

"An easement is neither an estate in land nor the land itself. It is, however, property or an interest in land. Thus, an easement is real property." (Internal quotation marks omitted.) *Kelley* v. *Tomas*, 66 Conn. App. 146, 153, 783 A.2d 1226 (2001). As real property, "the transfer of an easement is also a type of conveyance." (Internal quotation marks omitted.) *Bird Peak Road Assn., Inc.* v. *Bird Peak Corp.*, 62 Conn. App. 551, 560, 771 A.2d 260, cert. denied, 256 Conn. 917, 773 A.2d 943 (2001); see also Black's Law Dictionary (8th Ed. 2004) (conveyance defined as "[t]he transfer of an interest in real property").

We conclude that the 2004 agreement constituted an easement and, thus, a conveyance of real property. Section 2 of the 2004 agreement involves the same two town parcels located on Buckland Road that were the subject of the original easement agreement. Evergreen Walk and Evergreen Lifestyle agreed to maintain on the town's land, at their full cost and expense, public ways, in safe, sound, and unobstructed condition, for public access, ingress, and egress, including any and all traffic

signals. See footnote 10 of this opinion. By approving the resolution on October 18, 2004, the town accepted all of the covenants and conditions of the 2004 agreement, including these provisions. The town also acknowledged that the roadways to be maintained by Evergreen Lifestyle and Evergreen Walk would be used by members of the public to access the Evergreen property, which clearly was intended to benefit Evergreen Walk and Evergreen Lifestyle.

It is clear, therefore, that the 2004 agreement was intended to provide to Evergreen Walk and Evergreen Lifestyle a nonpossessory right to enter and use the town's land for the particular purpose of maintaining nonexclusive access to the Evergreen property from Buckland Road, without interference by the town.[13] Thus, notwithstanding the defendants' attempts to characterize the 2004 agreement as involving something other than a conveyance of an interest in real property, we conclude that it was an easement. To conclude otherwise would elevate form over substance. Accordingly, we conclude that the town's conveyance of the easement without first holding a referendum or authorizing a resolution adopted after a public hearing violated § 314 of the town charter.[14] This easement conveyed by the 2004 agreement and town council resolutions is, therefore, void.

[13] Evergreen Walk and Evergreen Lifestyle appeared to suggest at oral argument before this court that the town unilaterally could interfere with or terminate their use of town property at any time. We find this claim to be implausible. Evergreen Walk and Evergreen Lifestyle clearly required and relied on the town's representations that it would allow the use of its property in the 2004 agreement in connection with the development project and nothing in the 2004 agreement indicates that the town reserves the right to revoke unilaterally the use of town property.

[14] There has been no determination as to whether the value of the easement conveyed in the 2004 agreement is more or less than $25,000. Therefore, it is uncertain what action the town should have taken to fulfill the requirements of § 314.

We conclude that the trial court improperly granted the motion to dismiss filed by Evergreen Walk, Evergreen Lifestyle and Prudential because the plaintiff's complaint is not moot and the 2004 agreement was a conveyance of real property subject to § 314 of the town charter. Accordingly, we remand the case to the trial court for further proceedings on the plaintiff's requests in his complaint for injunctive relief.

The judgment of the trial court is reversed and the case is remanded for further proceedings according to law.

In this opinion the other justices concurred.

---

* The listing of justices reflects their seniority status as of the date of oral argument.