## LUMI ZHUTA *v.* REMO TARTAGLIA
### (AC 33560)

DiPentima, C. J., and Sheldon and Pellegrino, Js.

---

Argued March 8—officially released April 24, 2012

*David A. Hill, Jr.*, for the appellant (defendant).

*Tracey E. Hardman*, for the appellee (plaintiff).

*Opinion*

PELLEGRINO, J. The defendant, Remo Tartaglia, appeals from the judgment of the trial court rendered in favor of the plaintiff, Lumi Zhuta, finding that the defendant owed $60,000, together with $32,800 in interest and $9000 in attorney's fees, on a promissory note the defendant executed in favor of the plaintiff. On appeal, the defendant claims that because the record shows that the plaintiff considered the balance due on the promissory note to be only $20,000, the trial court's finding that a $60,000 balance was due on the note was clearly erroneous. We disagree and accordingly affirm the judgment of the trial court.

The trial court made the following findings of fact. On December 1, 1999, the plaintiff lent the defendant $200,000. This loan was memorialized by a promissory note executed on December 1, 1999, by the defendant

to the plaintiff. The terms of the note required the defendant to pay to the plaintiff simple interest at the rate of 8 percent per annum, payable monthly, and to repay the full principal balance by November 1, 2002. The note also required the defendant to pay attorney's fees should collection on the note be required.

Within two weeks of the execution of the note, the defendant paid the plaintiff $140,000. This prompted the parties to make handwritten amendments to the note to reflect the balance due to be $60,000 and that the due date for repayment of that balance was November 1, 2001. The defendant thereafter paid monthly interest on the note beyond its due date, and through June, 2004; however, the defendant never paid the principal amount of $60,000. The trial court found that, while there was evidence of other transactions between the parties as members of other corporate entities, those transactions had no relevance to the claim under the note, and that the balance due on the note was $60,000. The trial court therefore rendered judgment in favor of the plaintiff.

The defendant submits a single claim on appeal: that the trial court's finding of a $60,000 balance due on the promissory note was clearly erroneous because the plaintiff testified that he believed that a payment of $40,000 made to him by the defendant in 2001 reduced the principal balance on the note to $20,000.

"On appeal, it is the function of this court to determine whether the decision of the trial court is clearly erroneous. . . . This involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum

of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." (Citation omitted.) *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

We note at the outset that the defendant's interpretation of the evidence in the record has no meaningful bearing on our analysis. "We do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached. Rather, we focus on the conclusion of the trial court, as well as the method by which it arrived at that conclusion, to determine whether it is legally correct and factually supported." Id., 222.

Although the defendant concedes that the plaintiff's testimony stating that he believed that the balance due on the promissory note had, in fact, been reduced to $20,000 by the defendant's $40,000 payment to him in 2001 was not a binding judicial admission, the defendant nonetheless asserts that the plaintiff's testimony to that effect was, at the very least, a nonbinding evidentiary admission, that, taken together with other trial evidence, demonstrates that the court's finding of a $60,000 balance due on the promissory note was clearly erroneous.

Our independent review of the record reveals that it sufficiently supports the trial court's finding that the balance due on the promissory note was $60,000 and that other transactions between the parties after the promissory note was executed were undertaken in their capacities as members of other corporate entities, which were unrelated to the debt arising under the promissory note.

After the promissory note was executed between the parties in their personal capacities, a corporate entity of which the plaintiff was a member called J & L Enterprises, LLC, which operated a business called the Pie

Plate, entered into a written lease agreement with Waterbury Shopping Center, LLC, another corporate entity, of which the defendant was a member. The trial court was aware of transactions between the parties under this lease agreement but specifically found that they "had no reference to the claim to enforce payment of the note" and that the defendant in his individual capacity "did not provide any evidence that he paid [the plaintiff] the principal and interest due on the note he executed made payable to [the plaintiff]." These are findings of facts that can be overturned only if they are clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester*, supra, 181 Conn. 221. The record supports the trial court's findings.

The defendant asks this court to discern from record testimony that he not only remitted $40,000 to the plaintiff, but, in addition, to determine that both parties believed that this payment was made in partial satisfaction of the promissory note. The defendant's reassertion of this claim implores this court to make findings of fact that are outside our scope of review. As our Supreme Court has stated, "[w]e cannot retry the facts or pass upon the credibility of the witnesses." *Johnson* v. *Flammia*, 169 Conn. 491, 497, 363 A.2d 1048 (1975); see *Birnbaum* v. *Ives*, 163 Conn. 12, 21, 301 A.2d 262 (1972). "It is well settled that this court cannot find facts, nor, in the first instance, draw conclusions of facts from primary facts found, but can only review such findings to see whether they might legally, logically and reasonably be found." (Internal quotation marks omitted.) *Appliances, Inc.* v. *Yost*, 186 Conn. 673, 676–77, 443 A.2d 486 (1982). The findings of the trial court are supported by the evidence, and the defendant has not met his burden of showing that the trial court's decision was clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.