RICHARD GAY ET AL. *v.* SAFECO INSURANCE
COMPANY OF AMERICA
(AC 33846)
(AC 33847)

Gruendel, Lavine and Schaller, Js.

Argued November 29, 2012—officially released March 12, 2013

*Philip T. Newbury, Jr.*, for the appellant (defendant).

*John M. Zullo*, for the appellees (plaintiffs).

*Opinion*

PER CURIAM. This consolidated appeal arises from a counterclaim for insurance fraud tried before a jury. The defendant, Safeco Insurance Company of America (Safeco), appeals from the judgment of the trial court in favor of the plaintiffs, Richard Gay and Marie Gay (Gays), denying its motion to set aside the verdict and its motion for judgment notwithstanding the verdict. Specifically, Safeco argues that (1) the court improperly advised Richard Gay, sua sponte, as to his privilege under the fifth amendment to the United States constitution against self-incrimination and (2) the court abused its discretion by denying Safeco's motion to compel inspection of the Gays' home.[1] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to resolving this appeal. In 2006 and 2007, the Gays held a homeowners insurance policy with Safeco. Pursuant to that policy, Safeco paid the Gays more than $100,000 in combined benefits for a furnace malfunction and a burst pipe. In February, 2008, the Gays filed a

---

[1] On September 2, 2011, Safeco filed an appeal from the court's judgment in the present case. On September 13, 2011, Safeco filed a second appeal from the court's judgment. Safeco's preliminary statement of the issues in both appeals was identical. This court consolidated the appeals. Thereafter, without amending its appeal, Safeco attempted to articulate a claim that the court improperly determined the costs awarded to Safeco. See, e.g., *Jewett* v. *Jewett*, 265 Conn. 669, 672–73 n.4, 830 A.2d 193 (2003); Practice Book § 61-9.

At oral argument before this court, Safeco withdrew its claim that the court improperly awarded costs. Accordingly, we do not address that claim further.

breach of contract action against Safeco alleging that it had failed to pay all covered losses. In February, 2009, Safeco filed a counterclaim alleging fraud, among other things, in connection with the Gays' insurance claims.

Approximately two months before trial, on March 1, 2011, Safeco filed a disclosure of two expert witnesses, and on March 3, 2011, Safeco filed a motion to compel a reinspection of the home by those two witnesses. The Gays objected, arguing that Safeco already had inspected their home, and that the last-minute inspection by two experts would prejudice the Gays. The Gays argued that they would have to prepare a defense and perhaps find and employ experts of their own within a short period of time. The court denied Safeco's motion.

The jury trial commenced in May, 2011. Richard Gay was called as the first witness. On cross-examination, counsel for Safeco questioned Richard Gay about his income tax returns and the Gays' claims. Several times, outside the presence of the jury, the court apprised him of his fifth amendment privilege against self-incrimination.[2] Safeco did not object. In the presence of the jury, Richard Gay claimed his fifth amendment privilege on cross-examination, and he refused to answer a number of questions.

The court instructed the jury that it could draw an adverse inference from Richard Gay's invocation of the privilege. The jury returned a verdict for Safeco on the Gays' claim for breach of contract, and the jury returned a verdict for the Gays on Safeco's counterclaim. On its counterclaim, Safeco then filed a motion to set aside the verdict and for judgment notwithstanding the verdict. Safeco argued, for the first time, that the court improperly advised Richard Gay as to his fifth amendment

---

[2] The fifth amendment to the United States constitution provides in relevant part: "No person . . . shall be compelled in any criminal case to be a witness against himself . . . ."

privilege because he had waived the privilege by testifying on direct examination. The court denied the motions and this appeal followed. Further facts and procedural history are set forth as required.

## I

Safeco's first claim is that the court improperly advised Richard Gay as to his privilege against self-incrimination under the fifth amendment to the United States constitution, citing *Brown* v. *United States*, 356 U.S. 148, 153, 78 S. Ct. 622, 2 L. Ed. 2d 589 (1958). The Gays contend that the issue is not preserved. Safeco argues in response that (1) it preserved the issue by filing posttrial motions and (2) in the alternative, the error is reversible pursuant to the plain error doctrine. We agree with the Gays.

We review the relevant legal standards. Practice Book § 60-5 provides in relevant part: "The [appellate] court shall not be bound to consider a claim unless it was distinctly *raised at the trial* or *arose subsequent to the trial.*" (Emphasis added.) The rule further provides that "[t]he court may in the interests of justice notice plain error not brought to the attention of the trial court." Practice Book § 60-5. "[T]he plain error doctrine . . . is not . . . a rule of reviewability. It is a rule of reversibility. . . . [I]t is a doctrine that [a reviewing] court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of policy. . . . [T]he plain error doctrine is reserved for truly extraordinary situations [in which] the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *State* v. *Myers*, 290 Conn. 278, 289, 963 A.2d 11 (2009). "[A]n important factor in determining whether to invoke the plain error doctrine

is whether the claimed error result[ed] in an unreliable verdict or a miscarriage of justice." (Internal quotation marks omitted.) *State* v. *Samuels*, 273 Conn. 541, 572, 871 A.2d 1005 (2005).

Safeco concedes that it did not object to the court's advisement at the time it was given during evidence. Rather, Safeco argues that the issue is preserved because it raised the claim in posttrial motions. In the present case, the claim did not arise *subsequent* to the trial, and Safeco did not raise the issue prior to judgment. See Practice Book § 60-5; see also 75 Am. Jur. 2d Trial § 5 (2007) ("[a] jury trial is not complete until all issues of law and fact have been determined and the final judgment entered"). Accordingly, the claim is not preserved, and we decline to review it.

Safeco's argument that the claim qualifies as plain error is similarly unavailing. Safeco presents no reason to believe that the alleged error is so obvious that it would undermine public confidence in the judicial process nor to believe that the verdict is unreliable or a miscarriage of justice. See *State* v. *Myers*, supra, 290 Conn. 289; *State* v. *Samuels*, supra, 273 Conn. 572. Other than asserting that the present case has "constitutional ramifications," Safeco identifies no reason to apply the plain error doctrine. If this argument sufficed, every claim of constitutional error would qualify for appellate consideration under the plain error doctrine.

Furthermore, at oral argument before this court, counsel for Safeco acknowledged that he recognized a "beneficial effect" at the time from Richard Gay's invocation of the privilege. Safeco enjoyed the tactical benefit of the court's instruction to the jury that it could draw an adverse inference from Richard Gay's refusal to answer, and Safeco withheld its objection until *after* the jury returned a verdict against its interests. The plain error doctrine will not rescue a party from the

consequences of its own strategic choice. See *State* v. *Burke*, 182 Conn. 330, 332 n.3, 438 A.2d 93 (1980) ("[h]ad there been any indication that defense counsel had made a strategic decision to sit silently . . . and then raise this claim of error if the verdict proved unpalatable . . . we would have refused to review the defendant's claim [under the plain error doctrine]" [citation omitted]).

## II

Safeco's second claim is that the court abused its discretion by denying Safeco's motion to compel inspection of the Gays' home. Safeco argues that the court improperly denied the motion in concluding that Safeco had not shown that evidence outside the record was required.[3] We disagree.

Practice Book § 13-9 provides in relevant part: "Requests for Production, Inspection and Examination . . . . [W]here the judicial authority finds it reasonably probable that evidence outside the record will be required, any party may . . . request . . . to permit entry upon designated land . . . for the purpose of inspection . . . ." "[T]he granting or denial of a discovery request . . . is subject to reversal only if such an

---

[3] Safeco further argues that the Gays had consented to additional inspection of the premises. The mere fact that the parties agree to an inspection does not require the court to grant one. The court, not the parties, controls the progress of the trial. Further, even if Safeco's argument were legally supportable, Safeco does not identify where the court made this finding of fact, and we are unable to locate such in the record. "[T]his court cannot find facts . . . ." (Internal quotation marks omitted.) *Zhuta* v. *Tartaglia*, 135 Conn. App. 113, 117, 43 A.3d 183 (2012). Accordingly, we cannot review this aspect of Safeco's claim.

In the alternative, Safeco contends that the Gays did not make a timely objection to a request for production in June, 2008. See Practice Book § 13-10 (a) (party to whom request is directed shall respond within thirty days). This argument is bereft of any citations to the record or case law. Accordingly, Safeco has abandoned the claim. See *State* v. *Clark*, 255 Conn. 268, 281 n.30, 764 A.2d 1251 (2001) ("[c]laims on appeal that are inadequately briefed are deemed abandoned" [internal quotation marks omitted]).

order constitutes an abuse of . . . discretion." (Internal quotation marks omitted.) *Coss* v. *Steward*, 126 Conn. App. 30, 46, 10 A.3d 539 (2011). "Under the abuse of discretion standard, [a reviewing court] must make every reasonable presumption in favor of the trial court's action." (Internal quotation marks omitted.) *Woodbury Knoll, LLC* v. *Shipman & Goodwin, LLP*, 305 Conn. 750, 775, 48 A.3d 16 (2012).

In its brief on appeal, Safeco argues that the inspection "was necessary to show the current condition of [the] property . . . at issue in the case." In sustaining the Gays' objection, the court stated that Safeco "has not shown that it is reasonably probable that evidence outside the record is required." Although Safeco contends that further inspections were required, it concedes that there were prior inspections. We conclude that the court did not abuse its discretion in denying Safeco's motion to compel inspection.

The judgment is affirmed.