******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

THE GOODWIN ESTATE ASSOCIATION, INC.
*v.* DARYL L. STARKE ET AL.
(AC 40451)

Lavine, Moll and Flynn, Js.

*Syllabus*

The plaintiff sought to foreclose a statutory lien for unpaid common charges and assessments on a condominium unit owned by the defendant S. The trial court rendered judgment of foreclosure by sale. Thereafter, the court denied S's motions to open the judgment and to dismiss the action, and approved the sale of the property, and S appealed to this court. He claimed that the trial court improperly considered the equities and the length of time that the plaintiff had been deprived of its fees in denying his motion to dismiss. S also claimed that the trial court lacked subject matter jurisdiction because the plaintiff had not properly adopted its standard foreclosure policy, in violation of statute (§ 47-261b [b]) and the plaintiff's condominium declaration. *Held*:

1. S's claim that the trial court, in denying his motion to dismiss, improperly considered the equities and the length of time that the plaintiff had been deprived of its fees was unavailing, S having abandoned the claim by failing to brief it adequately.

2. S could not prevail on his claim that the trial court committed plain error in denying his motion to dismiss, which was based on his claim that he had not received notice from the plaintiff of its adopted standard foreclosure policy; the plaintiff's allegations and the record were enough to imply that a properly adopted standard foreclosure policy existed and that S received notice of the policy after adoption, as S previously acknowledged that he had received the policy, and he did not challenge the sufficiency of the affidavit of the plaintiff's property manager, which stated that the policy had been mailed to S.

Argued May 14—officially released August 7, 2018

*Procedural History*

Action to foreclose a statutory lien for unpaid common charges and assessments against a certain condominium unit owned by the named defendant, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Robaina, J.*, granted the plaintiff's motion for summary judgment as to liability; thereafter, the court, *Dubay, J.*, rendered judgment of foreclosure by sale; subsequently, the court, *Wahla, J.*, denied the named defendant's motions to open the judgment and to dismiss; thereafter, the court, *Wahla, J.*, granted the committee's motion for approval of the sale, deed, report, fees and expenses, and the named defendant appealed to this court; subsequently, the court, *Wahla, J.*, issued an articulation of its decisions. *Affirmed.*

*Keith Yagaloff*, for the appellant (named defendant).

*John J. Bowser*, for the appellee (plaintiff).

*Opinion*

FLYNN, J. The defendant Daryl L. Starke[1] appeals from a condominium foreclosure judgment in favor of the plaintiff, the Goodwin Estate Association, Inc., arising from the defendant's failure to pay common charges and assessments levied on his condominium unit. The defendant's sole reviewable claim on appeal stems from the trial court's denial of his motion to dismiss the action for lack of subject matter jurisdiction. The defendant claims that the trial court erred in denying his motion to dismiss because (1) the court improperly considered the equities and length of proceedings when deciding the motion, and (2) the plaintiff did not properly adopt its standard foreclosure policy in violation of statute and the plaintiff's declaration, thereby depriving the trial court of jurisdiction. We affirm the trial court's judgment.

This appeal has been preceded by a lengthy procedural history, which began with the commencement of this foreclosure action in 2014, approximately four years ago. The foreclosure action arises out of a $16,130.27 debt owed to the plaintiff condominium association for common charges and assessments. The foreclosure has been the subject of two motions to dismiss, two defendant's motions for reconsideration, three motions for articulation, four objections to summary judgment, and two appeals to this court. Against this backdrop, we lay out the following undisputed facts. The defendant purchased 84 Goodwin Circle, Hartford, a condominium within the Goodwin Estate, in 2009. Since August, 2014, the defendant has not paid his common charges and assessments. On October 20, 2014, the plaintiff initiated this foreclosure action against the defendant. On September 29, 2015, the plaintiff moved for summary judgment. The court granted the motion. On October 17, 2016, a foreclosure by sale was ordered for January 14, 2017. At that sale, Huntington National Bank, a junior lienholder and named defendant, was the winning bidder. The defendant moved to open the judgment and to dismiss the action on January 27 and March 22, 2017, respectively. After a hearing, the court denied both motions and approved the committee sale, all on April 26, 2017. This timely appeal from the denial of the motion to open, the denial of the motion to dismiss, and the approval of the committee sale followed.[2] Thereafter, the defendant filed a motion for articulation of the orders denying both motions. An articulation dated November 13, 2017, followed. Additional facts will be set forth as necessary.

"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur

review of the trial court's ultimate legal conclusion and resulting grant of the motion to dismiss will be de novo. . . .

"When a . . . court decides a jurisdictional question raised by a . . . motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . [I]n determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Citation omitted; internal quotation marks omitted.) *Avoletta* v. *State*, 152 Conn. App. 177, 182–83, 98 A.3d 839, cert. denied, 314 Conn. 944, 102 A.3d 1116 (2014).

I

We first consider the defendant's claim that the trial court erred in denying his motion to dismiss because it improperly considered the equities and length of proceedings when deciding the motion. The court's November 13, 2017 articulation dealt, in one memorandum, with both the defendant's motion to open and his motion to dismiss. A motion to open might have equitable aspects. See *Flater* v. *Grace*, 291 Conn. 410, 417–18, 969 A.2d 157 (2009); *GMAC Mortgage, LLC* v. *Ford*, 178 Conn. App. 287, 295, 175 A.3d 582 (2017); *Nelson* v. *Charlesworth*, 82 Conn. App. 710, 712, 846 A.2d 923 (2004); *Connecticut Savings Bank* v. *Obenauf*, 59 Conn. App. 351, 352, 758 A.2d 363 (2000). The defendant focuses, however, solely on the motion to dismiss, expressing his argument in his principal brief as follows: "The trial court erred in deciding the motion to dismiss when it considered the equities involved; and the length of time the [plaintiff] had been deprived of its fees; the defendant's refusal to pay the said fees/dues. . . . By considering . . . factors [other than whether the plaintiff properly adopted its standard foreclosure policy], such as the equities of the parties and the length of time the plaintiff had been deprived of its fees, the trial court erred." After the plaintiff noted in its brief that the trial court's articulation pertained to both the defendant's motion to dismiss and his motion to open, the defendant argued in reply that, because the trial court considered the two motions to be duplicative, the trial court necessarily considered equitable factors in deciding the motion to dismiss. Although ordinarily "we do not review claims raised for the first time in a reply brief"; *United Amusements & Vending Co.* v. *Sabia*, 179 Conn. App. 555, 560 n.1, 180 A.3d 630 (2018); the defendant's reply brief added no new analysis on the matter.

The defendant points to no authority for his argument

in either his principal or reply briefs. Although he acknowledges that the trial court's articulation dealt with both his motion to dismiss and his motion to open, he ignores the applicability of equitable principles that may be considered in deciding a motion to open. The defendant, however, implicitly acknowledged the propriety of applying equity to his motion to open, because in his memorandum of law in support of that motion, *he asked the court to consider equitable principles*. He cannot now seriously claim injury on the basis of the court's consideration that he so openly invited. The defendant's briefs do not provide us with any analysis of this argument other than his conclusory statement that the trial court erred. We therefore conclude that this argument is inadequately briefed and deem it abandoned. See *Gay* v. *Safeco Ins. Co. of America*, 141 Conn. App. 263, 269 n.3, 60 A.3d 1046 (2013).

## II

The defendant also claims that the court erred in denying his motion to dismiss because the plaintiff did not adopt properly its standard foreclosure policy when it failed to include a copy of the new or amended rule with its notice to the unit owners. The defendant claims that the trial court's failure to grant his motion to dismiss on this basis is plain error. The defendant invokes the plain error doctrine because, although he raised issues concerning the adoption of the standard foreclosure policy in his motion to dismiss, he did not argue before the trial court that the affidavit of Peg Routhier, the plaintiff's property manager, was insufficient.

The following additional facts are relevant. In its complaint, the plaintiff alleged that the defendant was the owner of the condominium unit in question and had not paid his common charges and assessments, along with interest, costs and attorney's fees. The plaintiff also alleged that its declaration was recorded and filed on the Hartford land records, and that the declaration provided the legal basis for those common charges and assessments. Additionally, the plaintiff alleged that it made a written request for payment, but that the defendant refused, and that the plaintiff had perfected a statutory lien against the subject property. The plaintiff also claimed to have filed a notice of pendency of the underlying action with the Hartford town clerk's office.

"[An appellant] cannot prevail under [the plain error doctrine] . . . unless he demonstrates that the claimed error is both so clear and so harmful that a failure to reverse the judgment would result in manifest injustice. . . . [T]he plain error doctrine . . . is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment . . . for reasons of policy. . . . Put another way, plain

error review is reserved for only the most egregious errors. When an error of such a magnitude exists, it necessitates reversal." (Citations omitted; internal quotation marks omitted.) *State* v. *McClain*, 324 Conn. 802, 812–14, 155 A.3d 209 (2017).

Considering the defendant's claim against the standard for plain error, we conclude that there was not clear and harmful error. The defendant cites to *Neighborhood Assn., Inc.* v. *Limberger*, 321 Conn. 29, 45, 136 A.3d 581 (2016), for the proposition that notice must be given of a standard foreclosure policy for a court to assert jurisdiction. The defendant's argument misses the mark. In *Limberger*, the flaw leading to reversal was that that common interest community did not actually adopt a standard foreclosure policy in accordance with rule notice and comment requirements. Id.

Here, however, the defendant's sole argument in his motion to dismiss rested on his claim that he did not receive notice of the adopted standard foreclosure policy. In its articulation on its denial of the defendant's motion to open and motion to dismiss, the trial court stated "that it is particularly noteworthy that the defendant has stated virtually in every motion and pleading before this court for the last approximately three years that he had not received the notice in the mail. The court has not found in his favor." The plaintiff, in its opposition to the motion to open, supported its argument that notice was proper with the affidavit of Peg Routhier, the property manager at the time the action was commenced, who averred that a copy of the standard foreclosure policy was mailed to the defendant. The defendant claims that this affidavit was deficient on its face to meet the notice requirements of General Statutes § 47-261b (b) because Routhier did not claim specifically to have sent a copy of the policy *after* adoption. The plaintiff's standard foreclosure policy was adopted on January 27, 2014. The defendant filed an affidavit on June 30, 2015, some seventeen months later, attached to his opposition to the plaintiff's first motion for summary judgment. He stated in paragraph 16: "The standard foreclosure policy for the [plaintiff] was received by me via e-mail and is attached hereto as Schedule A." The defendant does not explain why he would attach or refer to an unadopted draft proposal seventeen months after the adoption of the final policy by the plaintiff.

In considering the denial of a motion to dismiss, we must take the well pleaded facts as true, along with their necessary implications. *Avoletta* v. *State*, supra, 152 Conn. App. 182–83. We also must view the allegations and the existing record in the light most favorable to the pleader. Id., 182. Finally, we must indulge every reasonable presumption in favor of jurisdiction. Id., 183. Viewed through this lens, the plaintiff's allegations and the existing record are enough to imply that a properly

adopted standard foreclosure policy existed and the defendant received notice of the policy after adoption, making *Limberger* inapposite to this case. The defendant did not challenge the Routhier affidavit's sufficiency before the trial court; therefore, we will not look outside the record to—in essence—find as a factual matter that the adopted policy was not mailed to the defendant,[3] especially in light of his acknowledgment of receipt. As such, there can be no plain error warranting reversal concerning the defendant's claim that he did not receive the adopted standard foreclosure policy.[4]

The defendant also claims that the trial court committed plain error in failing to dismiss the action because the plaintiff did not record its standard foreclosure policy on the Hartford land records, which the defendant argues violated the plaintiff's declaration. This claim is presented for the first time on appeal. To the extent that we can address the defendant's plain error claim, the defendant has not shown that there was an error "so clear and so harmful that [the] failure to reverse the judgment would result in manifest injustice." (Internal quotation marks omitted.) *Maio* v. *New Haven*, 326 Conn. 708, 718 n.12, 167 A.3d 338 (2017).[5]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The complaint listed several junior lienholders as defendants. Because this appeal concerns only claims made by Starke, all references to the defendant are to him alone.

[2] The defendant filed his appeal within twenty days after the trial court's April 27, 2017 decisions denying the defendant's motions and approving the committee sale. Although the defendant's failure to appeal before the sale date stripped him of his right of redemption, his appeal is not moot because he is entitled to appeal from the denial of the motion to open and the approval of the committee sale; see *First Connecticut Capital, LLC* v. *Homes of Westport, LLC*, 112 Conn. App. 750, 755 n.4, 755–60, 966 A.2d 239 (2009); and, if successful on appeal, in showing that the court abused its discretion in denying his motion to open, then his interest in the property liened by the plaintiff would not be foreclosed.

[3] "It is well settled that we do not find facts." (Internal quotation marks omitted.) *In re Kyllan V.*, 180 Conn. App. 132, 141, 181 A.3d 606, cert. denied, 328 Conn. 929, 182 A.3d 1192 (2018).

[4] Because we decide this issue on its merits, we decline to address the plaintiff's argument that the General Assembly's amendment to General Statutes § 47-202 (31) has retroactive effect, which the plaintiff argues would make the defendant's claims academic.

[5] The defendant has raised other claims in his brief that are not reviewable because they are not briefed at all, inadequately briefed or raised for the first time on appeal. We are under no obligation to review these claims. See *White* v. *Mazda Motor of America, Inc.*, 313 Conn. 610, 619–20, 99 A.3d 1079 (2014); *Gay* v. *Safeco Ins. Co. of America*, supra, 141 Conn. App. 269 n.3. We decline to do so here. To the extent we addressed the defendant's claim concerning the plaintiff's failure to comply with its declaration, which also was not raised at the trial court, we did so because the defendant claimed plain error.

The defendant also claims that the trial court erred in finding that the motion to dismiss was untimely. He argues that "jurisdictional defects may be raised at any time . . . ." We reject this claim, however, because the defendant misconstrues the trial court's November 13, 2017 memorandum of decision. The trial court found therein that the defendant's motion for articulation was untimely, not his motion to dismiss.