******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

Bright, C. J., and Alvord and DiPentima, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant pursuant to the
Common Interest Ownership Act (§ 47-200 et seq.), for its alleged failure
to repair water damage to the floor, walls, ceilings, and window treat-
ments of his condominium unit. The trial court granted the defendant's
motion to dismiss the plaintiff's complaint as moot because the plaintiff
no longer owned the condominium unit, having lost title in a foreclosure
action. Thereafter, the court rendered judgment dismissing the plaintiff's
complaint and the plaintiff appealed to this court. *Held* that there was
no merit to the plaintiff's claim that the trial court erred in dismissing the
negligence count of his complaint because it alleged personal property
damage that was not contingent on his continued ownership interest in
the unit; the plaintiff's complaint was based entirely on the defendant's
alleged violations of the act and his rights as a unit owner pursuant to
the act, and the plaintiff did not argue before the trial court that his
claim for damages to the window treatments was a claim for damages
to personal property.

Argued January 19—officially released March 30, 2021

*Procedural History*

Action to recover damages for, inter alia, violations
of the Common Interest Ownership Act, brought to the
Superior Court in the judicial district of Hartford, where
the court, *Dubay, J.*, granted the defendant's motion
to dismiss and rendered judgment thereon, from which
the plaintiff appealed to this court. *Affirmed.*

*Keith Yagaloff*, for the appellant (plaintiff).

*Anita M. Varunes*, with whom was *Christopher S.
Young*, for the appellee (defendant).

*Opinion*

BRIGHT, C. J. The plaintiff, Daryl L. Starke, appeals from the judgment of dismissal rendered by the trial court of his complaint against the defendant, The Goodwin Estate Association, Inc., brought pursuant to the Common Interest Ownership Act (act), General Statutes § 47-200 et seq. On appeal, the plaintiff claims that the court improperly dismissed his complaint as moot, after he lost title to his condominium unit in a foreclosure proceeding, because the damages he claimed included damages for personal property, namely, window treatments, which, he alleges are not contingent on his ownership of the condominium unit. We affirm the judgment of the trial court.

The following facts and procedural history, as reflected in the record, are relevant to our analysis. On February 12, 2016, the plaintiff, pursuant to the act, brought a five count complaint against the defendant for its alleged failure to repair water damage to his "floor, walls, ceilings and window treatments" caused by ice damming. He alleged in count one a cause of action for "material noncompliance with [General Statutes] § 47-255 (h) (1)"; in count two, "material noncompliance with [General Statutes] § 47-245 (a)"; in count three, "breach of obligation of good faith [in violation of General Statutes] § 47-211"; in count four, "breach of fiduciary duty" to a "unit owner"; and, in count five, "negligence" for the defendant's alleged failure to repair damages in accordance with § 6.6 of the defendant's declaration on the ground that the "association has a duty of care . . . to the plaintiff as [a] unit owner."

On May 5, 2017, the defendant filed a motion to dismiss the complaint as moot because the plaintiff no longer owned the condominium unit due to a foreclosure judgment. The plaintiff, however, had appealed from the foreclosure judgment and, therefore, the court denied the motion because the plaintiff still possessed a right of redemption. Following the affirmance of the foreclosure judgment by this court; see *Goodwin Estate Assn., Inc.* v. *Starke*, 184 Conn. App. 92, 194 A.3d 351 (2018); the defendant filed another motion to dismiss on the ground that the complaint was moot because the plaintiff no longer owned the condominium unit. The plaintiff opposed the motion on the grounds that the "law of the case" doctrine controlled and that he owned the condominium unit when the complaint was filed.

On January 17, 2019, the court granted the defendant's motion to dismiss, concluding that the case had become moot once the plaintiff lost title to the condominium unit. The plaintiff then filed a motion to reargue, alleging that the court had failed to consider the "law of the case" doctrine and the defendant's answer to his complaint in which it admitted that the plaintiff owned

his condominium unit. The defendant objected to the motion to reargue, and the court sustained the objection and denied the motion to reargue. This appeal followed.

On appeal, the plaintiff claims that the court erred in dismissing count five of his complaint on mootness grounds because he had "alleged personal property damage whose redressability was not contingent on [his] continued ownership interest in the unit." He argues that "[t]he only portions of [his] complaint that may have been mooted by [his] loss of ownership in the unit were those that sought to redress the damage to the floor, walls, and ceiling." He contends that count five sought damages for personal property, namely, "window treatments."

The defendant argues that the plaintiff never mentioned a claim for personal property in his opposition to the motion to dismiss, during oral argument on the motion to dismiss,[1] or in his motion to reargue the granting of the motion to dismiss, and that he should be prohibited from raising such an argument on appeal.

"Mootness is a question of justiciability. . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant. . . . Mootness is connected to the first factor of justiciability, that there be a live controversy at all stages of the litigation." (Citations omitted; internal quotation marks omitted.) *Russo* v. *Common Council*, 80 Conn. App. 100, 104–105, 832 A.2d 1227 (2003). "Mootness . . . implicates subject matter jurisdiction, which imposes a duty on the [trial] court to dismiss a case if the court can no longer grant practical relief to the parties. . . . Mootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties. . . . A case becomes moot when due to intervening circumstances a controversy between the parties no longer exists." (Citations omitted; internal quotation marks omitted.) *We the People of Connecticut, Inc.* v. *Malloy*, 150 Conn. App. 576, 581, 92 A.3d 961 (2014).

"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [decision to] grant . . . the motion to dismiss will be de novo." (Internal quotation marks omitted.) *Gerlt* v. *South Windsor*, 284 Conn. 178, 188–89, 931 A.2d

907 (2007).

In his complaint, the plaintiff, in count one, alleged that he was a condominium unit owner within the "common interest community known as the Goodwin Estate . . . ." He further alleged that the Goodwin Estate was formed as The Goodwin Estate Association, Inc., under the act. The plaintiff further alleged that the defendant was in violation of its duties under specific portions of the act, which duties they owed to the plaintiff because he was a condominium unit owner in the Goodwin Estate. In count five of his complaint, sounding in negligence, which is the only count he claims on appeal to be viable still, the plaintiff specifically incorporated most of the allegations from count one. Additionally, he alleged that, pursuant to the defendant's declaration, the defendant was "responsible for damage to the plaintiff's unit" because it "has a duty of care . . . to the plaintiff as [a] unit owner," and that "[t]he plaintiff incurred damages to [the unit's] walls, ceilings, floors, and window treatments" as a result of the defendant's negligence.

Although the plaintiff, on appeal, argues that in count five of his complaint he, in part, was seeking damages for loss of "personal property," a review of the pleadings, including the complaint, the plaintiff's opposition to the defendant's motion to dismiss, his supplemental opposition to the defendant's motion to dismiss, and the plaintiff's motion to reargue, reveals no indication that he ever argued that to the trial court. Furthermore, there is nothing in his complaint that would indicate that "window treatments" was referring to personal property rather than to fixtures,[2] or that he was proceeding on that count in his capacity as the owner of damaged personal property rather than as a unit owner. To the contrary, the plaintiff's complaint was based entirely on the defendant's alleged violations of the act and his rights of action, *as a unit owner*, pursuant to the act. Whether his negligence claim, seeking damages for, inter alia, the loss of "window treatments," was a claim for damaged personalty was neither raised before nor decided by the trial court, nor was any argument made by the plaintiff that he was seeking damages on that count as a former unit owner or as the owner of those window treatments, which he considered to be personal property; he clearly alleged in count five only that the defendant had a duty to him because he was a unit owner. We, therefore, conclude that the plaintiff's claim, raised for the first time on appeal, is without merit.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff has failed to provide this court with a transcript of the oral argument. Because we are able to consider this appeal on the basis of the pleadings, we conclude that it is not essential to our decision.

[2] "Property is divided into two great divisions, things personal and things real, and fixtures may be found along the dividing line. They are composed

of articles that were once chattels, or such in their nature, and by physical annexation to real property have become accessory to it and parcel of it." *Capen* v. *Peckham*, 35 Conn. 88, 93 (1868). At least one Connecticut court, when distributing marital property in a dissolution action, included window treatments among the "fixtures" to "go with the home." *Jendraszek* v. *Jendraszek*, Superior Court, judicial district of New London, Docket No. FA-98-0115224-S (October 4, 1999).

———————————————